**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS CIVIL DIVISION**

CASE NO.

 JUAN CARLOS GIL,

　　　 Plaintiff,

v.

 CITY OF FORT MYERS, FLORIDA

　　　 Defendant,

---

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

---

COMES NOW Plaintiff Juan Carlos Gil ("Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant City of Fort Myers, Florida ("Defendant" or "City of Fort Myers") for declaratory and injunctive relief, attorney's fees and costs pursuant to Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12131 et. seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504") and alleges as follows:

**<u>INTRODUCTION</u>**

1.　This is an action under Title II of the ADA and under Section 505 of the Rehabilitation Act of 1973 ("RA") through which Section 504 is enforced to redress unlawful disability-based practices and to make Plaintiff Juan Carlos Gil whole.

2.　Defendant has directly violated Department of Justice Guidelines for document publishing.

3.　Defendant does not have an electronic document publishing policy.

4.　As of the date of this filing, Defendant has not responded to Plaintiff's

request for accommodation.

5.   Defendant City of Fort Myers, Florida is a public entity which has provided the electronic documents related to the City of Fort Myers government.

6.   The document creation, storage and archiving is a program, service, and activity of the City of Fort Myers. Much of that content is provided in portable document format ("PDF").  While the documents are currently stored on the www.cityftmyers.com website, the documents are not inextricably tied to the website, they can be stored on any digital store device or media such as a thumb drive, compact disc, external hard drive or DVD. Neither the internet nor a website is needed to access or use the documents.

7.   A majority of the Defendant's electronic documents were created in an accessible format, and then Defendant took affirmative action to make them inaccessible.

8.   Defendant has denied Plaintiff his fundamental right to observe and participate in the democratic process of self-government.  A citizen's right to meaningful participation in the political process and to access publicly available information needed to participate in the process is a fundamental right requiring heightened scrutiny.  *Johnny Reininger, Jr. v. State of Oklahoma*, Case No.: 5:16-cv-012141 (11/9/2017) and *Natl Association of the Deaf (NAD) v State of Florida*, 318 F. Supp. 3d 1338 (S.D. Fla. 2018).

9.   By failing to provide electronic documents in accessible format, Defendant has deprived blind, visually impaired and low sighted individuals of the benefits of its published content and in so doing has engaged in discriminatory practices.

10.   Defendant's denial of much of its publicly available online content to visually impaired individuals violates the ADA, RA, and the basic tenants of the Civil Rights Act.

## JURISDICTION AND VENUE

11.   Plaintiff is authorized to bring this action pursuant to Title II of the ADA, 42 U.S.C. §§ 12131-12133, incorporating by reference the remedies, procedures and rights under Sections 504 of the RA, 29 U.S.C. §794, §794(a), incorporating the remedies, rights and procedures set forth in §717 of the Civil Rights Act of 1964, including the application of §706(f) through §706(k), 42 U.S.C. §§2000e-5(f)-(k).

12.   This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12188. This Court's jurisdiction is proper under 28 U.S.C. §§ 451, 1331, 1337, and 1343.

## PARTIES

### Juan Carlos Gil

13.   Plaintiff Juan Carlos Gil is a resident of the State of Florida, is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2) and the regulations implementing the ADA and as set forth at 29 USC §705(20). Plaintiff suffers optic nerve damage and is legally blind. Plaintiff also suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair. Plaintiff's disability is defined in 28 C.F.R. §35.108, as Plaintiff is substantially limited in the major life activity of seeing, specifically 28 C.F.R. §35.108(c)(1).

14.   In the past years, Plaintiff has traveled throughout Florida and specifically has traveled to Fort Myers on many occasions.

15.   Plaintiff advocates for the disabled in the state of Florida. He relies on publicly available information to aid in his advocacy and participation in the political process. Much of the publicly available information is in a portable document format (PDF) and is stored or archived on public entity websites.

3

16. Plaintiff is a qualified and/or otherwise qualified individual with a disability. Due to his disability, the Plaintiff requires that document information be saved in an accessible format so that he can comprehend that information with screen reader software.

17. Plaintiff's interest in public discourse and public services and Defendant's failure to provide that information to visually impaired persons as it provides to the non-disabled public falls within the zone of interest which the RA and the ADA protect, thus qualifies Plaintiff as a person who has been subjected to unlawful discrimination. (see, *Bank of America v City of Miami* 137 S. Ct. 1296 (2017)).

### City of Fort Myers, Florida

18. Defendant City of Fort Myers, Florida is a local government entity, a body corporate and political subdivision of the State of Florida. The City of Fort Myers was founded in 1866 and was later incorporated on August 12, 1885. The City of Fort Myers, is the county seat of Lee County, Florida.

19. City of Fort Myers, Florida Home Rule gives the City of Fort Myers City Council the ability to create (through a local public hearing ordinance procedure) local laws[1]. This process is done without having to go to the Florida Legislature to request special legislation to create these laws. The City Council is the governing body of the City. Its members are directly elected by the people of the City of Fort Myers. The City Council appoints a City Manager who implements City of Fort Myers the policy and laws and manages the governmental agencies and departments of the City of Fort Myers. The City Council distributes federal financial assistance through its budgetary and legislative process to the City of Fort Myers agencies and departments. No person, agency or department is above the City Council.

_____

[1] that are not in conflict with or specifically prohibited by state general law or the Florida Constitution

20.  Since Defendant is a public it is subject to Title II of the ADA. 42 U.S.C. §12131(1).

21.  On information and belief, Defendant is also a recipient and distributor of federal funds and as such, is also subject to the requirements of Sections 504 of the RA.

### GENERAL ALLEGATIONS

22.  As further set forth in detail below, when Plaintiff went to the City of Fort Myers website to view its documents in January and February of 2019, they were not accessible to persons using a screen reader causing him an injury in fact because he is in the zone of interest covered under the ADA and the RA. Defendant caused the injury when it failed to comply with the ADA and the RA. Plaintiff plans to visit the City of Fort Myers website in the near future (*see Houston v. Morad Supermarkets, Inc*. 733 F.3d 1323 (11th Cir. 2013) and will continue to suffer further discrimination because Defendant refuses to comply with the ADA and the RA.  Any future injury will be redressed by a favorable decision from this Court requiring Defendant to comply with the law.

23.  Plaintiff has standing consistent with the requirements the Eleventh Circuit set forth in *Houston*. Plaintiff is an interested person because he (as a blind individual) sought to receive documents from the City of Fort Myers in an accessible format, followed the statutory scheme as intended by Congress and the City of Fort Myers has failed to accommodate Plaintiff and has suffered injury in fact as a result of the City of Fort Myers's discrimination.

24.  Defendant offers a service through its online portal www.cityftmyers.com where interested persons can obtain pertinent information regarding the government of City of Fort Myers. This information aids persons who advocate public policy on behalf of themselves or others. Plaintiff is such a person. He is interested in City of Fort Myers

policies as they relate to the disabled and infirm using the City of Fort Myers's services, programs and activities.

25.   In the course of Plaintiff's travels, he has visited the City of Fort Myers and found the residents he met in the general course of his day to be friendly and especially accommodating to him with little experience of discrimination.  While visiting the City of Fort Myers (specifically the Edison Park Historic District area) the Plaintiff felt safe and welcome. He particularly found the parks to be quiet and safe. He also enjoyed visiting the Edison and Ford Winter Estates and based on his personal visit to the area, feels that the City of Fort Myers would be a nice place to live.

26.   During the course of his research, Plaintiff has become aware that the disabled community is served through the American with Disabilities Office and that disabled individuals and interested persons can obtain information on services through the link https://www.cityftmyers.com/directory.aspx?did=15. Plaintiff is both disabled and an interested person.

27.   Defendant provides pertinent information on living and visiting the City of Fort Myers including (but not limited to):a Brochure for 2019 Swim Lessons[2], and a June 2019 Public Skating schedule and fees[3]. These electronic documents are made available to inform the public of the services provided by Defendant.

28.   Defendant's electronic documents provide information on the City of Fort Myers policies and positions which affect the public directly. A few of those links  are:

- • Ordinance No. 2249[4], which links to an ordinance concerning the creation of a Community Redevelopment Agency;
- • Public Safety Policies[5], published in 2014 and re-uploaded to the

---

[2] https://www.cityftmyers.com/DocumentCenter/View/9271/Brochure-for-swim-lessons-2019?bidId=
[3] https://www.cityftmyers.com/DocumentCenter/View/11632/June--2019-Public-Skate-PDF?bidId=
[4] https://www.cityftmyers.com/DocumentCenter/View/4089/Ordinance-2249_Creates-the-DRA
[5] https://www.cityftmyers.com/DocumentCenter/View/11527/Element-07---Public-Safety--3724?bidId=

site in April of 2019. This links to policies pertaining to the safety of the
citizens of Fort Myers;

• A Historic Preservation Ordinance[6], published in 2007 and re-
uploaded to the site in April of 2019. This document links to the policies of the
City of Fort Myers concerning historic preservation which concerns disabled
persons because of accessibility.

29. The City of Fort Myers's City Council meetings have a direct effect on the
lives of residents of the City of Fort Myers and citizens of the state of Florida. Interested
persons can become informed about the effect of the City of Fort Myers City Council
meetings and the resulting policies, budgets, and services online by viewing the electronic
documents generated which reflect the decisions made by the City of Fort Myers Council
members and other documents related to the government of the City of Fort Myers
through this portal. An example of electronic documents include a June 2019 City of Fort
Myers Action Agenda[7], and an Annual Budget for FY 2018-2019[8].

30. Plaintiff is interested in public policy, resolutions, minutes, and ordinances
which relate to disability policy regarding such issues as healthcare, transportation for
disabled, elections, senior citizen services[9], affordable housing[10], parks and recreation,
sidewalks[11], pedestrian safety, law enforcement training to handle encounters with
persons who are deaf or have autism and other matters. These policy documents will
inform Plaintiff's advocacy regarding disability rights and accessibility to the City of Fort
Myers' programs, services and activities for persons with disabilities. A sampling of

---

[6] https://www.cityftmyers.com/DocumentCenter/View/11517/Element-09---Historic-Preservation--3419?bidId=
[7] https://www.cityftmyers.com/AgendaCenter/ViewFile/Agenda/_06032019-1383
[8] https://www.cityftmyers.com/DocumentCenter/View/9229/Fort-Myers-Annual-Budget-FY2018-2019-PDF
[9] Seniors may not be disabled, but as they age they are effected by issues commonly associated with
disabilities such as loss of vision, hearing and mobility challenges.
[10] https://www.cityftmyers.com/DocumentCenter/View/11655/LHAP-2019-2022?bidId=
People with disabilities are likely to be lower income because of the lack of employment opportunities and
other challenges.
[11] Plaintiff is blind. Sidewalks that are not properly maintained can cause him to trip or fall. A person in a
wheelchair could be ejected from a wheelchair. Improper curb cuts could cause Plaintiff to trip.

links to electronic documents is provided herein below:

    • A May 2019 Fort Myers City Council Action Agenda[12] which concerned a number of items including public donations, property regulations, and more;

    • A Fort Myers Budget in Brief FY 2018-2019[13], which pertains to highlights from the City of Fort Myers annual budget for the fiscal year;

    • An Agenda from April 2019[14], which links to a City of Fort Myers ordinance concerning historic preservation which concerns disabled persons because of accessibility;

    • A Budget Summary for FY 2018-2019[15], which links directly to an electronic document that summarizes the City of Fort Myers revenues and expenditures.

31. Defendant also provides publications to the public which are also in electronic service document format. These publications contain information on a variety of City of Fort Myers issues. A few of the publications provided to the public by Defendant include (but are not limited to): a June 2019 Public Notice[16] , A Wastewater Treatment Facility[17], and a Fort Myers Hurricane Preparedness Guide[18]. These publications are made available by Defendant to inform the public of current and pertinent services provided to residents and visitors of the City of Fort Myers.

32. Online "on-demand" viewing of Defendant's electronic documents is not an option available to persons with vision disabilities due to the fact that those documents are provided solely in a *PDF flat surface* format and do not interface with screen reader software as used by blind and visually impaired individuals.

33. In January 2019 Plaintiff attempted to view Defendant's electronic

---

[12] https://www.cityftmyers.com/AgendaCenter/ViewFile/Agenda/_05202019-1375
[13] https://www.cityftmyers.com/DocumentCenter/View/9014/Fort-Myers-Budget-in-Brief-FY2018-2019-PDF
[14] https://www.cityftmyers.com/AgendaCenter/ViewFile/Agenda/_04152019-1353
[15] https://www.cityftmyers.com/DocumentCenter/View/9012/Fort-Myers-Budget-Summary-FY2018-2019-PDF
[16] https://www.cityftmyers.com/ArchiveCenter/ViewFile/Item/732
[17] https://www.cityftmyers.com/DocumentCenter/View/7768/South-Advanced-Wastewater-Treatment-Facility-Fact-Sheet-PDF
[18] https://www.cityftmyers.com/DocumentCenter/View/8596/Community-Emergency-Preparedness-Guide

documents to prepare for constitutionally protected advocacy activities for the disabled and infirm as set forth in paragraph 17, *supra*.

34.   Defendant's electronic documents are not provided in an accessible format for the blind and visually impaired and are not provided in accessible HTML or PDF format such that Plaintiff has been prevented from becoming informed about the City of Fort Myers' governmental functioning, policies, programs, services and activities that Defendant offers to the disabled and infirm, because of his vision disability.

35.   Because these electronic documents are published in violation of DOJ policy, they are discriminatory on their face. This exclusion resulted in Plaintiff suffering from feelings of segregation, rejection, and isolation.

36.   Due to his inability to comprehend Defendant's electronic documents, on February 27, 2019 Plaintiff wrote a letter to Defendant and informed Defendant that he is legally blind and unable to fully access the electronic documents which Defendant provides to the public with his screen reader software. In that letter, Plaintiff requested Defendant's electronic documents be provided in an accessible format for blind and visually impaired individuals (such as himself). Plaintiff made this request via U.S. mail service.  Plaintiff's letter request is attached hereto as Exhibit A.

37.   In February 2019, Plaintiff again attempted to access Defendant's electronic documents, but those electronic documents remained inaccessible as he still could not comprehend them with his screen reader software. It is sufficiently obvious that Plaintiff and others who are blind or low sighted need Defendant to properly save its documents so that they are accessible on demand and permit such persons to benefit from the services, programs and activities.

38.   Plaintiff has concrete plans to move from Miami in the near future and the

City of Fort Myers presents as a viable living option. Plaintiff will be able to assess his ability to move to the City of Fort Myers once he is able to access all of the services and benefits which the City of Fort Myers offers through the City of Fort Myers' electronic documents (which are currently inaccessible to Plaintiff). (see *Houston v Marod Supermarkets, Inc.* 733 F.3d 1323, 1340 (2013).

39.   Plaintiff also continues to desire to advocate on behalf of the disabled and infirm within the City of Fort Myers. However, Plaintiff is unable to undertake his constitutionally protected activities, as he is unable to meaningfully access and comprehend the electronic documents provided by Defendant for the public and has been left excluded from political advocacy with the City of Fort Myers government.

40.   Plaintiff's inability to access Defendant's electronic documents has resulted in a *virtual barrier* which has impaired, obstructed, hindered, and impeded Plaintiff's ability to become an involved citizen in advocating for the disabled in the City of Fort Myers government and learn about the programs, services and activities available to disabled residents to (and visitors of) the City of Fort Myers.

41.   On information and belief, since January 2019 when Plaintiff first began to attempt to access and learn about the City of Fort Myers programs, services, activities and government, Defendant has not made reasonable modifications to its policies and procedures to ensure future compliance with the ADA and/or the RA.

42.   As of this filing, the electronic documents made available by Defendant remain inaccessible to Plaintiff as well as to other blind and visually disabled individuals.

43.   Plaintiff continues to desire to advocate for an inclusive government policy within the City of Fort Myers government. He needs to be fully informed about past actions and policies before advocating for changes in current policy. However, Plaintiff is

unable to do so, as he is unable to meaningfully access and comprehend the electronic documents provided by Defendant for the public.

44.  By Defendant's failure to make its electronic documents accessible, Plaintiff has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish and has been segregated and prohibited from enjoying the programs, services and activities offered by Defendant to the public.

45.  Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices unless enjoined by this Court.

46.  Defendant has engaged (and continues to engage) in unlawful practices in violation of Title II of the ADA (42 U.S.C. §12132 and Section 504).

47.  Defendant is deliberately indifferent to the provisions of the RA and Title II of the ADA in regard to the unlawful practices described herein because Defendant is aware of the availability of computer programs which allow Defendant to save electronic documents in an accessible format. Despite the ease of providing accessible electronic documents, Defendant has failed to reasonably modify its policies, processes and procedures for the same.

48.  As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish.

49.  Plaintiff has met all conditions precedent to bring this action.

50.  For all of the foregoing, Plaintiff has no adequate remedy at law.

51.  Plaintiff has retained Scott Dinin P.A. and J. Courtney Cunningham PLLC as his legal counsel in this action and has agreed to pay a reasonable attorney fee.

## COUNT I – VIOLATIONS OF TITLE II OF THE ADA

52.   Defendant's document creation and storage is a program, service, or activity within the definition of Title II of the ADA. Defendant makes information available in thousands of pages of documents available through its information portal from which the public can access electronic documents.

53.   The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life and that mandate extends to public entities including Defendant and the documents that Defendant provides to the public (including those documents provided in electronic document format).

54.   The Department of Justice ("DOJ") addressed PDF document publishing by Title II entities in 2003 and 2008.  Through Department Circulars, the DOJ has mandated that Title II entities which publish electronic documents on the Internet through the World Wide Web must offer those documents in an accessible format i.e.: HTML.

55.   The DOJ guidelines on the application of Title II of the ADA state:

"[T]he Department has taken the position that title II covers Internet Web site access. Public entities that choose to provide services through web-based applications (e.g., renewing library books or driver's licenses) or that communicate with their constituents or provide information through the Internet must ensure that individuals with disabilities have equal access to such services or information, unless doing so would result in an undue financial and administrative burden or a fundamental alteration in the nature of the programs, services, or activities being offered."  28 C.F.R. Pt. 35 app. A, page 126.

56.   Title II of the ADA mandates that no qualified individual with a disability shall, by reason of such disability, be excluded from full and equal participation in or be denied the benefits of the services, programs, or activities of a public entity, or *be subjected to discrimination by any such entity*, 42 U.S.C. §12132.

57.   Historically, Congress' statutory intent has been to construe Civil Rights

legislation broadly. The interpretation of causation is based on proximate (not remote) cause. In *Bank of America*, the Supreme Court affirmed that proximate cause is controlled by the nature of the statutory cause of action (quoting from *Lexmark Intl' Inc. v. Static Control Components, Inc.* 572 U.S. (2014)). In Civil Rights violations, proximate cause requires a direct relation between the injury asserted and the injurious conduct. The interconnection of the right to participate in government and social programs and economic and social life is fluid and multi-dimensional such that a violation of civil rights causes ripples of harm to flow. *Bank of* America  (quoting from *Ass. Gen. Contractors of Cal. Inc. v. Carpenter,* 459 U.S. 519, 534 (1983)). In *Bank of America*, the Supreme Court held that Congress has not legislated (drawn) precise boundaries on the application of proximate cause for civil rights violations and instructed the lower court to define the contours of proximate cause based on the facts and circumstances of the underlying action. Thus, as a disabled individual, the instant Plaintiff has established standing.   In considering the tester's standing, the Supreme Court in *Havens Realty Corp v Coleman*, 455 U.S. 363 (1982) the Supreme Court explained that "the actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Id.* at  373, 102  S.Ct.  at  1121 (alterations  adopted) (quoting *Warth  v.  Seldin,* 422  U.S.  490,  500,  95  S.Ct.  2197,  2206,  45  L.Ed.2d  343 (1975)); *see also Linda R.S. v. Richard D.,* 410 U.S. 614, 617 n. 3, 93 S.Ct. 1146, 1148 n. 3, 35 L.Ed.2d 536 (1973) ("Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute.").

58.  In *Bledsoe v.  Palm Beach County Soil & Water Conservation District*, 133 F.3d 816, 821-22 (11th Cir. 1998) and *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1085, (11th Cir. 2007),the Eleventh Circuit explained that "subjected to discrimination by

any such entity" is *not* directly tied to "services, programs or activities" of the public entity.  Instead, *subjected to discrimination by any such entity* "is a catch-all phrase that prohibits all discrimination by a public entity, regardless of the context." *Bledsoe* at 822. Therefore, discrimination by a public entity is prohibited regardless of whether such discrimination involves a service, program or activity.

59.   Defendant City of Fort Myers, Florida is a political subdivision of the State of Florida and a public entity under Title II of the ADA. A public entity includes any instrumentality of a state or local government, therefore Defendant is subject to Title II of the ADA.  42 U.S.C. §12131(1)(b).

60.   As a public entity, Defendant must:

a) Provide full and equal access to its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. §35.130(a).

b) Ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals unless the public entity can demonstrate that taking those steps to modify policies, practices, or procedures would fundamentally alter the nature of the service, program, or activity (28 C.F.R. §35.130(b)(7)) unless the entity can demonstrate that legitimate safety requirements are necessary for safe operation (28 C.F.R. §35.130(h)).

61.   Defendant is a recipient of federal financial assistance.  As a condition precedent to receiving such assistance, Defendant must affirm that it is in compliance with federal anti-discrimination laws including the RA and the ADA.

62.   Defendant failed to provide its electronic documents in a format accessible to visually impaired individuals who require screen reader software to comprehend those

14

electronic documents despite the sufficiently obvious need to do so. Therefore, Plaintiff has been effectively denied access to those electronic documents by Defendant.

63.  By denying Plaintiff the opportunity to comprehend and benefit from its electronic documents due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from the services, programs or activities afforded to non-disabled persons and persons who are not visually impaired and has therefore subjected Plaintiff to discrimination.

64.  Providing electronic documents in a format that can be recognized by screen reader software and therefore making those electronic documents accessible to the visually impaired would not result in any undue burden to Defendant.

65.  Providing electronic documents in a format that can be recognized by screen reader software thereby making those electronic documents accessible to the visually impaired would not fundamentally change the nature of Defendant's services, programs, or activities.

66.  Defendant is required to provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities; 42 U.S.C. §12131, *et. seq*.; 28 C.F.R. Part 35.

67.  As a result of the virtual barriers within the electronic documents provided by Defendant, visually impaired individuals are denied the full and equal access to the services, programs, and activities offered by the City of Fort Myers and have been denied participation in the government of the City of Fort Myers in a manner equal to that afforded to others; in derogation of Title II of the ADA and Section 504.

68.  As a public entity, Defendant may not (directly or through contractual or other arrangements) utilize methods of administration that deny individuals with

disabilities access to its services, programs, and activities or that perpetuate the discrimination of another public entity; 28 C.F.R. § 35.130(b)(3).

69. As a public entity and pursuant to Title II, Defendant is required to make reasonable modifications in its policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. § 35.130(b)(7).

70. Defendant is required to present the electronic documents it provides to the public in an accessible format in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

71. Defendant's failure to make its electronic documents accessible has impeded Plaintiff from accessing the publicly available information required to advocate for the disabled and infirm. However, the City of Fort Myers made this information available to the non-disabled so that they can participate in the services and programs of the City of Fort Myers and advocate on any topic they wish. By such failure, Defendant has discriminated against the visually impaired.

72. Defendant is blatantly discriminating by its failure to provide accessible electronic documents for blind and visually impaired citizens. Defendant has violated Title II of the ADA in numerous ways, including discriminatory action which occurred when the Defendant failed to maintain policies and procedures to ensure compliance with Title II of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access Defendant's electronic documents provided within its Website. These violations are ongoing.

73. As a result of Defendant's inadequate creation, development, and administration of Defendant's electronic documents, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

## COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

74. Plaintiff is legally blind, which substantially limits him in his major life activity of seeing. Therefore, Plaintiff is an otherwise qualified individual with a disability under Section 504 of the RA and a person who has suffered discrimination caused by Defendant.

75. In *Nat'l Ass'n of Deaf v. State*, 318 F.Supp. 3d 1338, 1348 (SD Fla 2018) at *5 (citing *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000) the court found that "[t]he elements of a Title II claim and a section 504 RA claim are the same," and can be addressed together.

76. As an otherwise qualified individual, Plaintiff is expressly authorized under Section 505 of the RA which enforces Section 504 (29 U.S.C. §§ 794, 794(a)), incorporating the remedies, rights and procedures set forth in Section 717 of the Civil Rights Act, including the application of §§ 706(f) - (k), 42 U.S.C. §§ 2000e (5)(f) - (k).

77. On information and belief, Defendant is a recipient of federal financial assistance and the City of Fort Myers City Council distributes that federal financial assistance to its agencies and departments through its budgetary and legislative activities. As the distributor of federal financial assistance, *all of the operations* of the City of Fort Myers City Council (including Defendant's document creation and archives) are subject to the RA as a covered program or activity; 29 U.S.C. §794(b)(1)(B).

78. Congress enacted the RA in 1973 to enforce the policy of the United States that all programs, projects, and activities receiving federal assistance "… be carried out in

a manner consistent with the principles of … inclusion, integration, and full participation of the individuals [with disabilities]."  (codified at 29 U.S.C. §701(c)(3))

79.  Section 504 prohibits recipients of federal funding from discriminating against disabled persons and requires that programs or activities operated by a federally-funded entity be readily accessible to persons with disabilities; 28 C.F.R. §42.520.

80.  For the purposes of RA claims, the term "program or activity" means all of the operations the entity of the State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended; 29 U.S.C. Section 504, §794(b)(1)(B).

81.  29 U.S.C. §794 requires that no otherwise qualified individual with a disability (on the basis of that disability) be excluded from participation in or be denied the benefit of services, programs, activities, or to otherwise be discriminated against.

82.  The RA defines "program or activity" to mean all of the operations of an entity of state or local government which distributes federal financial assistance. The City of Fort Myers City Council is an entity of state or local government that distributes federal financial assistance, all of the operations of the City of Fort Myers are covered under the RA including the City of Fort Myers's creation, storage and providing electronic documents to the public. For the purposes of this section, the term "program or activity" consists of all of the operations of a department, agency, special purpose district, or other instrumentality of a state or of a local government; 29 U.S.C. §794(b)(1)(A).

83.  By failing to make its electronic documents accessible to the visually disabled, the City of Fort Myers has denied access to its services, programs and/or activities to the visually disabled, which has subjected Plaintiff to discrimination, excluded Plaintiff from participation in those services, programs and/or activities.

84.   As of this filing, Defendant's electronic documents are inaccessible to persons who are visually impaired individuals who use screen readers to comprehend the internet, but are accessible to persons without vision disabilities.

85.   Section 504 requires entities that receive/distribute federal funding to insure their electronic documents are accessible to visually impaired individuals. Yet Defendant's electronic documents are not saved in an accessible format so that blind and visually impaired individuals are able to comprehend those documents.

86.   As a distributor of federal funds and pursuant to Section 504, Defendant may not: deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service; 45 CFR §84.4(b)(1)(i);  afford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; 45 CFR §84.4(b)(1)(ii); provide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others; 45 CFR §84.4 (b)(1)(iii); and may not provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others; 45 CFR §84.4 (b)(1)(iv).

87.   Plaintiff has been denied the ability to comprehend electronic documents provided by Defendant which would permit Plaintiff to access the programs, services and activities of the City of Fort Myers and to advocate for the disabled and infirmed with respect to the City of Fort Myers government. As a distributor of federal funds and pursuant to Section 504, Defendant may not otherwise limit a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service; 45 CFR §84.4(b)(1)(vii).

88.     As a distributor of federal funds and pursuant to Section 504, Defendant may not utilize criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons, or (iii) that perpetuate the discrimination of another recipient if both recipients are subject to common administrative control or are agencies of the same state; 45 CFR §84.4(b)(4).

89.     As a distributor of federal funds and pursuant to Section 504, Defendant is required to evaluate (with the assistance of interested persons including handicapped persons or organizations representing handicapped persons) its current policies and practices and the effects thereof that do not or may not meet the requirements of this part (45 CFR §84.6(c)(1)(i)), modify policies and practices that fail to meet the requirements of this part (45 CFR §84.6(c)(1)(ii)), and take appropriate remedial steps to eliminate the effects of any discrimination that resulted from adherence to these policies and practices (45 CFR §84.6(c)(1)(iii)).

90.     As a distributor of federal funds and pursuant to Section 504, Defendant is required to designate at least one person to coordinate its efforts to adopt grievance procedures that incorporate appropriate due process standards and that provide for the prompt and equitable resolution of complaints alleging any action prohibited by this part; 45 CFR §84.7(a) & (b).

91.     Defendant has discriminated against Plaintiff in the unequal provision of the electronic documents which it provides to the public.  As a result, Plaintiff has experienced exclusion, segregation, mental anguish, and humiliation in violation of his civil rights.

92.     Defendant's policies, practices and procedures, particularly the actions and omissions described above have violated Plaintiff's rights under Section 504 by discriminating on the basis of a disability.

93.     As a public entity, Defendant knows or should know of the 2003 guidelines provided by the DOJ which require public entities to provide information to the public in accessible format.

94.     Defendant has failed to act on the likelihood of harm each time it has created and archived documents without addressing the accessibility of those electronic documents for blind and visually impaired individuals. Thus, Defendant has demonstrated deliberate indifference to Plaintiff's federally protected rights in failing to provide equal access to its services, programs and/or activities for visually impaired individuals.

95.     By Defendant's failure to make electronic documents accessible or to otherwise respond to Plaintiff's request for accommodation in a meaningful manner (requested by Plaintiff on February 27, 2019 via U.S. mail) Defendant's actions further reflect its deliberate indifference to the rights of Plaintiff based on Plaintiff's disability.

96.     While in this instance Plaintiff requested accommodation from Defendant, no request for an accommodation is necessary to plead a claim for failure to accommodate where the need for such an accommodation is obvious[19].

97.     The ongoing and continuous act of failing to provide effective communication goes beyond gross negligence. Thus, Defendant is in violation of the RA. See: *Liese v. Indian River County Hosp. Dist.*, 701 F.3d 334, (11th Cir. 2012).

98.     The standard for deliberate indifference as set forth in *Liese v Indian River County Hospital District*, No. 10-15968 (11th Cir. Nov 13, 2012)[20]; see Fig. 1:

---

[19] See *Wilson v. Broward Cty.,* No. 04-61068, 2006 WL 8431515, at *3 (S.D. Fla. Jan. 13, 2006)(denying a motion to dismiss in a Title II case where plaintiff claimed that his need for accommodation was obvious).



Fig. 1

99.     Plaintiff has met the standard for deliberate indifference established in *McCollum v Orlando Reg'l Healthcare Sys., Inc.,* 768 F.3d 1135, 1147 (11th Cir 2014)[21], which standard was instrumental in the 11th Circuit Court of Appeals decision in favor of the deaf defendant Harold Crane to find that Palmetto General Hospital had intentionally discriminated against the plaintiff (*Crane v. Lifemark Hosps., Inc.*, 898 F.3d 1130, 1135-36 (11th Cir. 2018)[22].

100.    As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish and has been segregated and prohibited from enjoying the programs, services and activities offered by the City of Fort Myers.

101.    An award of monetary damages under Section 504 requires showing of intentional discrimination/deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d

---

[20] See: "[D]eliberate indifference defined in the context as occurring when "the defendant knew that harm to a federally protected right was substantially likely and failed to act on that likelihood," the *Liese* court, quoting from *T.W. ex.rel. Wilson v. Sch. Bd of Seminole Cnty., Fla.*, 610 F.3d at 604 (11th Cir.2010); accord *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir.2009); *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228–29 (10th Cir.2009); *Duvall v. Cnty. Of Kitsap*, 260 F.3d 1124, 1139 (9th Cir.2001)

[21] "a plaintiff must show that the defendant 'knew that harm to a federally protected right was substantially likely' and 'failed to act on that likelihood.'" (emphasis omitted) (quoting *Liese*, 701 F.3d at 344)

[22] reversing summary judgment on plaintiff's claim of ineffective communication during involuntary commitment proceeding under deliberate indifference standard

1124, 1138 (9th Cir. 2001)[23]. Plaintiff is entitled to damages pursuant to Section 504 because of Defendant's deliberate indifference to the inaccessibility of the electronic documents it provides to the public, despite Plaintiff's request for accommodation.

102.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and is entitled to and award for his attorneys' fees and costs.

103.    For all of the foregoing, Plaintiff has no adequate remedy at law

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Juan Carlos Gil hereby demands judgment against Defendant City of Fort Myers, Florida including a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title II of the ADA and Section 504 of the RA to permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to the services, programs and activities offered by the City of Fort Myers, Florida to residents and visitors and in participating in the government of the City of Fort Myers, Florida as well as:

a)    issue a declaratory judgment that Defendant has violated the Plaintiff's rights as guaranteed by Title II of the ADA and Section 504 of the RA;

b)    The Court enter an Order requiring Defendant to update all electronic documents made available to the public to remove barriers in order that individuals with visual disabilities can access the electronic documents to the full extent required by Title II of the ADA and Section 504 of the RA;

---

[23] "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely [knowledge that an accommodation is required], and a failure to act upon that likelihood." *Id*. at 1139; *Lovell v. Chandler,* 303 F.3d 1039, 1056 (9th Cir. 2002).

c)     enter an Order pursuant to 42 U.S.C. §12188(a)(2) for permanent injunction which directs Defendant to take all steps necessary so that all electronic documents are fully accessible to, and independently usable by, blind and low sighted individuals, and that the Court retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following a policy that will cause Defendant to remain fully in compliance with the law;

d)  Order Defendant to retain a qualified consultant acceptable to Plaintiff to assist it in improving the accessibility of its electronic documents;

e)     Order Defendant to engage a Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's electronic documents to be accessible to individuals with visual disabilities;

f)     award damages in an amount to be determined at trial;

g)     award Plaintiffs' reasonable litigation expenses and attorneys' fees; and

h)     award such other and further relief as it deems necessary, just and proper.

Dated this 20th day of June, 2019.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Email: inbox@dininlaw.com

*s/Juan Courtney Cunningham*
Juan Courtney Cunningham, Esq.
J. Courtney Cunningham PLLC
8950 SW 74th Court, Suite 201
Miami, Florida 33156
Tel: (305) 351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*

24